IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PRAIRIE LANDWORKS, INC.,

*Plaintiff,*

vs.

GEO-SYNTHETICS SYSTEMS, LLC,

*Defendant.*

GEO-SYNTHETIC SYSTEMS, LLC,

*Third-Party Plaintiff,*

vs.

WEAVER CONSULTANTS GROUP, LLC

*Third-Party Defendant.*

Case No. 24-CV-1169-EFM-ADM

**MEMORANDUM AND ORDER**

Plaintiff Prairie Landworks, Inc. ("PLI") brings this action against Defendant Geo-Synthetic Systems, LLC ("GSI") alleging that GSI breached the contract between the parties when GSI failed to deliver a pond liner conforming to the contract's requirements. This matter comes before the Court on GSI's Motion for Declaratory Relief and Partial Summary Judgment Based on the Unambiguous Terms of the Contract (Doc. 28). GSI asks the Court to find that the limitation

of liability provision in the contract allows GSI to offset the amount it expended attempting to remediate the pond from GSI's maximum aggregate liability. For the following reasons, GSI's Motion is denied.

## I. Factual and Procedural Background[1]

On November 29, 2021, the parties entered into a written contract consisting of a Subcontract and a Proposal. Under the agreement, subcontractor GSI agreed to install pond liners conforming to certain specifications and requirements on a project for PLI located in Conway, Kansas. The original price of GSI's work was $1,950,630.49, but the parties agreed to increase the original price to $2,010,025.99 ("Contract Amount"). Paragraph 16 of the Subcontract contains the following warranty clause:

> [GSI] agrees that all work performed, material and equipment furnished by [GSI] under this contract or any supplemental, additional or other contract (verbal or written) will conform to the drawings and specifications, as herein before provided, as to kind, quality, function of equipment and characteristics of material and workmanship and will remain so for a guaranty period of one year from date of (a) substantial completion of [GSI's] work. [GSI] hereby agrees at [GSI's] expense, during the warranty period specified in this Section 16, immediately upon notice from PLI or its respective successors and assigns, to correct, repair, and make good any work, materials and equipment furnished by the [GSI] under this contract.

The Subcontract also contains the following limitation of liability clause in paragraph 25:

> The liability of [GSI] on all claims of any kind (excluding death or bodily injury) for all losses or damages arising out of or resulting from this contract shall in no case exceed the amount payable to [GSI] pursuant to this Subcontract Agreement. In no event shall [GSI] be liable to PLI for any special, indirect, or consequential damages under any cause or form of action whatsoever. This provision shall prevail over any conflicting provision of this contract. [GSI's] proposal dated 19 October 2021 is attached and incorporated into this Subcontract Agreement. In the event of

---

[1] In accordance with summary judgment procedures, the facts are uncontroverted and set forth in the light most favorable to the non-moving party.

conflict between the terms of this Subcontract and the [GSI's] proposal, the terms of this Subcontract shall prevail.

GSI installed the pond liner, and PLI paid GSI the Contract Amount for the work except for retention of $66,383. The pond liner subsequently leaked, and PLI made a claim against GSI alleging that GSI's work was defective. GSI spent approximately $1.7 million attempting to correct the deficiencies but ultimately failed to do so. PLI then paid another company approximately $2 million to complete the work.[2]

PLI initially filed this suit in McPherson County District Court. On September 20, 2024, GSI removed the case to this Court. During discovery, GSI filed a Motion for Declaratory Relief and Partial Summary Judgment asking the Court to construe the Subcontract in its favor to limit PLI's potential damages. This Motion is now ripe for the Court's consideration.

## II.     Legal Standard

Summary judgment is appropriate if the moving party demonstrates that there is no genuine issue as to any material fact, and the movant is entitled to judgment as a matter of law.[3] A fact is "material" when it is essential to the claim, and issues of fact are "genuine" if the proffered evidence permits a reasonable jury to decide the issue in either party's favor.[4] The movant bears the initial burden of proof and must show the lack of evidence on an essential element of the claim.[5]

---

[2] This uncontroverted fact is taken from paragraph 10 of PLI's Additional Material Facts, which is supported by paragraph 10 of the Affidavit of Tom Saffels. GSI objects to paragraph 10 of the Affidavit as stating a legal conclusion, but the Court overrules this objection. Saffels statement that PLI was forced to pay another contractor approximately $2 million to complete the pond is a statement of fact, not a legal conclusion. The Court declines to rule on GSI's remaining objections to the Affidavit of Tom Saffels because it does not include or rely upon those facts in its Order.

[3] Fed. R. Civ. P. 56(a).

[4] *Haynes v. Level 3 Commc'ns, LLC*, 456 F.3d 1215, 1219 (10th Cir. 2006).

[5] *Thom v. Bristol-Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 325 (1986)).

If the movant carries its initial burden, the nonmovant may not simply rest on its pleading but must instead "set forth specific facts" that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant.[6] These facts must be clearly identified through affidavits, deposition transcripts, or incorporated exhibits—conclusory allegations alone cannot survive a motion for summary judgment.[7] The Court views all evidence and reasonable inferences in the light most favorable to the party opposing summary judgment.[8]

### III. Analysis

GSI's Motion raises the singular issue of whether the amounts expended by it to remediate defective work can be credited toward the limitation of liability provision in the contract between GSI and PLI. The interpretation of a contract is a question of law that properly may be determined on a motion for summary judgment, provided the contract is unambiguous.[9] Under Kansas law,[10] the primary rule of contract interpretation "is to interpret the contract as the contracting parties intended."[11] "If the terms of the contract are clear, the intent of the parties is to be determined from

---

[6] *Id*. (citing Fed. R. Civ. P. 56(e)).

[7] *Mitchell v. City of Moore*, 218 F.3d 1190, 1197 (10th Cir. 2000) (citing *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998)).

[8] *LifeWise Master Funding v. Telebank*, 374 F.3d 917, 927 (10th Cir. 2004).

[9] *Duffin v. Patrick*, 212 Kan. 772, 512 P.2d 442, 447-48 (1973) (citation omitted).

[10] Section V, paragraph 3 of the Proposal states that "[t]his shall be governed by the applicable law . . . with jurisdiction of the site of the project." The site of the project is in Kansas, and thus the Court construes the Proposal to contain a Kansas choice of law provision. Kansas choice of law rules generally allow the enforcement of a choice of law provision in a contract. *Brenner v. Oppenheimer & Co*., 273 Kan. 525, 44 P.3d 364, 375 (2002). Additionally, both parties cited Kansas law in their briefs. The Court therefore concludes that Kansas law controls the agreement.

[11] *Harding v. Capitol Fed. Savs. Bank*, 65 Kan. App. 2d 30, 556 P.3d 910, 919 (2024) (citing *Peterson v. Ferrell*, 302 Kan. 99, 349 P.3d 1269, 1274 (2015)).

the language of the contract without applying rules of construction."[12] "The meaning of a contract should always be ascertained by a consideration of all pertinent provisions and never be determined by critical analysis of a single or isolated provision."[13] Additionally, a contract may not be interpreted in an unreasonable manner.[14] "Results which vitiate the purpose or reduce the terms of the contract to an absurdity should be avoided."[15]

GSI asks the Court to construe paragraphs 16 and 25 of the Subcontract broadly in its favor. In paragraph 16, the parties agreed that "during the warranty period specified in this Section 16" GSI would "correct, repair, and make good any work . . . furnished" by GSI under the Subcontract after receiving proper notice from PLI. GSI contends that the $1.7 million it spent attempting remediation qualifies as warranty expenses under paragraph 16 of the Subcontract.

GSI next argues that these warranty expenses fall under the limitation of liability provision in paragraph 25, thereby reducing its liability to PLI. Paragraph 25 states that GSI's liability "on all claims of any kind (excluding death or bodily injury) for all losses or damages arising out of this contract shall in no case exceed the amount payable to Subcontractor [GSI] pursuant to this Subcontract Agreement." According to GSI, when paragraphs 16 and 25 are read together, the expenses for its warranty work fall under "all claims of any kind." Thus, GSI argues that because the parties agreed to limit Defendant's liability on all claims of any kind, the limitation of liability provision includes GSI's expenses for warranty work under paragraph 16 of the Subcontract.

---

[12] *Santana v. Olguin*, 41 Kan. App. 2d 1086, 208 P.3d 328, 332 (2009) (quoting *Anderson v. Dillard's Inc.*, 283 Kan. 432, 153 P.3d 550, 554 (2007)).

[13] *Harding*, 556 P.3d at 920 (*quoting In re Estate of Einsel*, 304 Kan. 567, 374 P.3d 612, 621 (2016)).

[14] *Id*. at 919-20 (citing *Waste Connections of Kan., Inc., v. Ritchie Corp.*, 296 Kan. 943, 298 P.3d 250, 264-65 (2013)).

[15] *Id*. at 920 (citing *Einsel*, 374 P.3d at 620-21).

Unsurprisingly, PLI's interpretation of the Subcontract is much narrower. First, PLI argues that GSI's remediation expenses do not qualify as "warranty expenses" under paragraph 16. Rather, PLI characterizes GSI's expenses as the "cost of its unsuccessful attempt to cure" its breach of the Subcontract. Second, PLI disagrees with GSI's interpretation of paragraph 25. PLI argues that under GSI's interpretation, the Court would have to find that GSI's "warranty expenses" constitute "losses or damages" suffered by GSI. PLI contends that this is an unreasonable interpretation because GSI does not suffer "losses or damages" from its own breach of contract. Instead, PLI argues that the term "losses and damages" refers to costs incurred by PLI.

Although the parties dispute whether GSI's remediation expenses qualify as warranty expenses under paragraph 16, the Court need not resolve this issue. This is because even if the Court found them to be warranty expenses, paragraph 25 does not allow these expenses to be credited toward GSI's limitation of liability. The language of paragraph 25 unambiguously provides that in the event of GSI's breach, GSI's liability to PLI is limited to reimbursement of the amount PLI paid to GSI under the contract. As PLI asserts, the phrase "all losses or damages arising out of or resulting from this contract" refers to losses or damages incurred by PLI, not claims for warranty expenses incurred by GSI. The only party that suffers losses and damages in the event of GSI's breach is PLI.

To hold otherwise would vitiate the warranty provision of the Subcontract. Under GSI's interpretation, if GSI incurs warranty expenses but still fails to repair the defective work, PLI is left with no recourse against GSI. In essence, PLI would be paying GSI for work it did not receive and then paying a second company to do that work. The more reasonable interpretation of the Subcontract is that PLI should be reimbursed for the money it paid GSI for the work that GSI failed to provide.

Accordingly, the Court denies GSI's Motion for Partial Summary Judgment.

**IT IS THEREFORE ORDERED** that GSI's Motion for Declaratory Relief and Partial Summary Judgment Based on the Unambiguous Terms of the Contract (Doc. 28) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 19th day of November, 2025.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE