**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

PRAIRIE LANDWORKS, INC.,

*Plaintiff,*

vs.

GEO-SYNTHETICS SYSTEMS, LLC,

*Defendant.*

---

GEO-SYNTHETIC SYSTEMS, LLC,

*Third-Party Plaintiff,*

vs.

WEAVER CONSULTANTS GROUP, LLC,
SOLMOX GEOSYNTHETICS, LLC, and
GROUPE SOLMAX, INC.,

*Third-Party Defendants.*

Case No. 24-cv-1169-EFM

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant/Third Party Plaintiff Geo-Synthetic Systems, LLC's ("GSI's") Motion to Designate Place of Trial (Doc. 74). GSI asks the Court to designate Kansas City, Kansas, as the place of trial. For the following reasons, the Court denies GSI's Motion and designates Wichita, Kansas, as the place of trial.

## I. Factual & Procedural Background

The factual background of this case is set forth in the Court's September 28, 2026 Order regarding GSI's motions for summary judgment.[1] In short, PLI and GSI entered into a Subcontract under which GSI was to install a pond liner system for a brine detention pond owned by Williams Field Services, LLP, and located in Conway, Kansas. PLI claims that GSI failed to perform its contractual obligations and filed suit in the District Court of McPherson County, Kansas, on August 22, 2024.

GSI removed the case to this Court on September 20, 2024. That same day, GSI filed a Designation of Place of Trial stating that Kansas City, Kansas, is the most convenient location for the witnesses in this case. On October 15, 2024, PLI filed its own Designation of Place of Trial, asking the Court to designate Wichita, Kansas, as the place of trial. In that document, PLI stated that the project site in McPherson, Kansas, is closer to Wichita than Kansas City and many of the witnesses reside closer to Wichita than Kansas City.

The Court entered the Pretrial Order on December 16, 2025. That Order designated the place of trial as either Kansas City or Wichita. On December 19, 2025, GSI filed the instant Motion asking the Court to designate Kansas City as the place of trial.

## II. Legal Standard

Under D. Kan. Rule 40.2, "[t]he court is not bound by the requests for place of trial. It may determine the place of trial upon motion or in its discretion."[2] When analyzing such motion, "the

[1] Doc. 136.

[2] D. Kan. Rule 40.2(e).

courts of this district generally look to the same factors relevant to motions for change in venue under 28 U.S.C. § 1404(a)."[3] These factors include: "(1) [the] plaintiff's choice of forum, (2) the convenience of the witnesses, (3) the accessibility of witnesses and other sources of proof, (4) the possibility of obtaining a fair trial, and (5) all other practical considerations that make a trial easy, expeditious, and economical."[4] The moving party bears the burden of proving that the existing forum is inconvenient.[5] Indeed, the moving party must show the existing forum is "substantially inconvenient, not just that [the proposed new forum] is marginally more convenient."[6]

## III. Analysis

The parties address three of five § 1404(a) factors in arguing where the trial should be held. The Court analyzes each of these factors below.

### A. Plaintiff's Choice of Forum

"Generally, the plaintiff's choice of forum is not disturbed unless the balance weighs strongly in favor of transfer."[7] Here, PLI's chosen forum is McPherson County, Kansas, as it initially filed this action in the Ninth Judicial District of Kansas. Under D. Kan. Rule 81.1(b)(3), a case removed from the Ninth Judicial District of Kansas must be filed in Wichita. PLI thus argues that the Court should follow its local rules and designate Wichita as the place of trial. The Court agrees and finds that this factor favors a Wichita trial location.

---

[3] *McDermed v. Marian Clinic, Inc.*, 2014 WL 6819407, at *1 (D. Kan. Dec. 2, 2014) (quoting *Twigg v. Hawker Beechcraft Corp.*, 2009 WL 1044942, at *1 (D. Kan. Apr. 20, 2009)).

[4] *Id.* (citing *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991)).

[5] *Id.*

[6] *Spires v. Hosp. Corp. of Am.*, 2006 WL 1642701, at *3 (D. Kan. June 8, 2006).

[7] *McDermed*, 2014 WL 6819407, at *2 (citing *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992)).

**B. Convenience of the Witnesses**

GSI argues that the convenience of the witnesses is an important factor that "overwhelmingly" favors Kansas City. According to GSI, most witnesses will travel from out of state, *e.g.*, Texas, Wisconsin, and Michigan, to testify and flights to Kansas City are less expensive and more available than flights to Wichita. GSI, however, fails to offer any evidence in support of this argument. Out-of-state witnesses will be required to incur flight, hotel, and meal expenses regardless of whether the trial is held in Wichita or Kansas City, and the Court declines to speculate which city offers a more economic and convenient location.

GSI also notes that the retained expert for third-party Defendant Weaver Consulting Group, LLC, resides in the Kansas City area. But this expert appears to be the sole witness who resides in Kansas City. PLI's witnesses reside in McPherson, Kansas, which is substantially closer to Wichita than Kansas City. And, key witness Eldon Watkins, the Williams Project Manager, resides in Tulsa, Oklahoma. GSI concedes in its brief that driving to Wichita from Tulsa is faster and more economical than flying to Kansas City from Tulsa. Accordingly, the Court finds that GSI does not meet its burden to show this factor favors a Kansas City trial location.

**C. Accessibility of Proof**

The final factor addressed by the parties is the accessibility of proof. GSI contends that this factor is negligible because PLI disposed of the original, installed liner and thus all sources of proof are documentary and electronic. PLI, however, states that it preserved multiple samples of this liner and that these samples are in McPherson, Kansas. According to PLI, because of the samples' size, PLI will have to load them on a trailer to be transferred to the trial. PLI contends that it is easier to transfer these samples to Wichita and return them to McPherson each night rather

than store them in a hotel parking lot in Kansas City. The Court agrees and finds that this factor also favors a Wichita trial location.

Based on a review of the § 1404 factors, the Court concludes that the trial of this case should be held in Wichita. GSI fails to show that a trial in Wichita is substantially inconvenient for the witnesses and the accessibility of proof. Accordingly, GSI's Motion to designate Kansas City as the place of trial is denied.

**IT IS THEREFORE ORDERED** that GSI's Motion to Designate Place of Trial (Doc. 74) is **DENIED**. The trial will be held in Wichita, Kansas.

**IT IS SO ORDERED**.

Dated this 28th day of September, 2026.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE